IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY DOBY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-14-1243-F |
| ) | |
| CARL BEAR, Acting Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent filed a motion to dismiss based on untimeliness, Docs. 7, 8, and Petitioner responded. Doc. 11. For the reasons discussed below, the undersigned recommends that the court dismiss the habeas petition.

### I. Background.

On January 9, 2013, in Pottawatomie County District Court, Case No. CF-2011-693B, Petitioner pleaded guilty to Counts 1-18, sexual exploitation of a child under twelve; Count 19, conspiracy to commit sexual exploitation; and Count 31, lewd molestation of a minor child. Doc. 1, at 1-2; Doc. 8, Ex. 1,

at 3.[1]  Petitioner did not move to withdraw his guilty plea.  Instead, on December 23, 2013, he filed a petition for judicial review and sentence modification under Okla. Stat. tit. 22, § 982a.  Doc. 8, Ex. 3.  The state court denied that motion on February 3, 2014.  *Id.* Ex. 5.  Then, on May 12, 2014, Petitioner filed an application for post-conviction relief.  *Id.* Ex. 6.  The state district court denied relief, *id.* Ex. 7, and the Oklahoma Court of Criminal Appeals affirmed on September 23, 2014.  *Id.* Ex. 9.  Petitioner filed the instant petition on November 4, 2014.[2]

## II. Petitioner's claims.

Petitioner alleges that:  (1) his guilty plea was not knowing and voluntary because his attorney failed to explain all the charges' elements; (2) he is "factually not guilty"; and (3) counsel abandoned him during his ten-day window for withdrawing his guilty plea.  Doc. 1, at 4-8.

## III. Analysis.

Respondent moves for dismissal on grounds that Petitioner's petition is untimely.  The undersigned agrees.

---

[1]  All page citations refer to the court's CM/ECF pagination.

[2]  The court deems the petition filed on the date Petitioner gave it to prison officials for mailing.  *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007) (citation omitted).  Petitioner verified his petition on November 4, 2014, Doc. 1, at 11, and the undersigned presumes that he put it in the prison mail the same day.

**A.     The starting date for the statute of limitations.**

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA) which establishes a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d)(1); *see also Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (discussing the AEDPA's enactment date and one-year statute of limitations). In relevant part, that clock begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on January 9, 2013, and did not move to withdraw his guilty plea. So, his convictions became final ten days later on January 19, 2013.[3] *See Fleming*, 481 F.3d at 1255 (stating that a conviction became final ten days after an Oklahoma defendant's entry of a guilty plea in

---

[3]     In his response, Petitioner argues that his convictions were not final until his ninety-day period for seeking certiorari in the United States Supreme Court expired. Doc. 11, at 2. But because Petitioner did not file an appeal, he is not entitled to a ninety-day extension on his finality date. *See Pfeil v. Everett*, 9 F. App'x 973, 977 (10th Cir. 2001) ("Because Mr. Pfeil did not file a direct appeal to the Wyoming Supreme Court, the ninety-day time period for appeals to the United States Supreme Court did not extend the date that his judgment and sentence became final."); *see also Hernocia v. Howard*, No. CIV-07-953-R, 2007 WL 3377086, at *1 (W.D. Okla. Nov. 13, 2007) (unpublished order) (holding that because petitioner had not moved to withdraw his guilty plea, "there was nothing to appeal to the highest state court or by certiorari to the United States Supreme Court"; therefore, petitioner was not entitled to count the ninety-day period for seeking certiorari in the United States Supreme Court towards his finality date), *certificate of appealability denied*, 275 F. App'x 774 (10th Cir. 2008).

the absence of a timely motion for withdrawal or direct appeal). Absent tolling, Petitioner's statute of limitations on his claims expired one year later, on January 20, 2014. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (adopting the "anniversary method" wherein "'the day of the act . . . from which the designated period of time begins to run shall not be included'" (citation omitted)).

B. **Statutory tolling.**

Statutory tolling is available when, during the one-year limitations period, a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2). Before January 20, 2014, Petitioner filed one pleading in state court – a petition for judicial review and sentence modification under Okla. Stat. tit. 22, § 982a. Doc. 8, Ex. 3. He filed that motion on December 23, 2013, *id.*, and the state court denied it on February 3, 2014. *Id.* Ex. 5.

Respondent argues that in Oklahoma, a motion for judicial review is not part of the collateral review process. Doc. 8, at 3-4 (collecting unpublished opinions). So, Respondent maintains that Petitioner is not

entitled to tolling for his petition for judicial review.[4] *Id.* at 5. Petitioner, in turn, argues that the state court should have construed his petition for judicial review as one for post-conviction relief, and that he is not only entitled to tolling during the time his motion was pending, but also for the thirty days in which he could have appealed its denial to the OCCA. Doc. 11, at 2. The undersigned disagrees with both parties.

As for Respondent's argument, it is based on Tenth Circuit law pre-dating *Wall v. Kholi*, 131 S. Ct. 1278 (2011). There, the Supreme Court "defined 'collateral review' as 'judicial review of a judgment in a proceeding that is not part of direct review,' including motions to reduce sentence under state law." *Najera v. Murphy*, 462 F. App'x 827, 830 (10th Cir. 2012) (applying Wyoming law) (quoting *Wall*, 131 S. Ct. at 1281-82 (holding that a motion to reduce sentence under Rhode Island state law was "collateral review" that tolled the AEDPA statute of limitations)). So, applying *Wall* to the present case, the undersigned finds that the fact that Petitioner's motion

---

[4] Respondent also suggests that Petitioner's § 982a motion cannot toll the statute of limitations because it was not properly filed. That is, Respondent argues that Petitioner did not include "documentation or refer to the consent of the district attorney" as required in § 982a. Doc. 8, at 6. But Respondent misreads the statute. The district attorney's consent is necessary only if Petitioner's motion was "*filed and* ruled upon beyond the twelve (12) months of the initial sentence . . . ." Okla. tit. 22, § 982a(A) (2012) (emphasis added). Petitioner filed his motion *before* the expiration of twelve months. Moreover, the state court did not reject the § 982a motion as improperly filed. Doc. 8, Ex. 5.

5

for judicial review and sentence reduction amounts to a "plea for mercy, not a motion to correct an illegal sentence" matters not. *Id.*; *see also Neiberger v. McCollum*, 577 F. App'x 850, 853 (10th Cir. 2014) ("We also agree with the district court that Defendant was entitled to tolling under § 2244(d)(2) for the 11 days from the time he filed his [§ 982a] motion for sentence modification to the time the state court denied the motion.") (applying Oklahoma law); *but see Smallwood v. Martin*, 525 F. App'x 669, 673 (10th Cir. 2013) ("There is no indication that [a § 982a motion] is a collateral-review mechanism, and [petitioner's] general argument under it is that he had behaved well in prison so far.") (applying Oklahoma law). With this finding, the undersigned presumes for this case that Petitioner's petition serves as a collateral-review mechanism. *See Neiberger*, 577 F. App'x at 853; *Najera*, 462 F. App'x at 830.

But, this finding does not support Petitioner's argument that his motion for judicial review should be construed as an application for post-conviction relief, which carries with it the addition of thirty-days tolling during which he could have appealed its denial to the OCCA. *See Williams v. Gibson*, 237 F.3d 1267, 1269 (10th Cir. 2001) (holding that "the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law"); *see also* Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals (giving a petitioner thirty days in which to appeal the denial of an application for post-conviction relief). Petitioner's § 982a

6

petition seeks a sentence reduction based on his good behavior, community standing, etc. Doc. 8, Ex. 3, at 1-2. And while Petitioner makes one brief comment that his plea was unknowing because it had been based on "the understanding he would transfer to his home state," the petition does not substantially challenge the underlying legality of his conviction. *Id.* at 2. So, the undersigned finds no reason to construe the petition in a manner differently than as Petitioner himself presented it – as arising under § 982a. And, there is no available appeal from the court's denial of a § 982a motion. *See Clemens v. Sutter*, 230 F. App'x 832, 834 n.1 (10th Cir. 2007) (holding that § 982a motions "seek discretionary review and their denial is not appealable").

With these findings, Petitioner is entitled to tolling for the forty-three days that his motion for judicial review was pending from December 23, 2013, to February 3, 2014.[5] So, Petitioner's statute of limitations was extended to

---

[5] Respondent further argues that even if Petitioner's § 982a motion tolls the limitations period, it should be for only seventeen days – from December 23, 2013, to January 9, 2014. Doc. 8, at 6-7. Respondent explains that "[u]nder the statutory provision in effect in 2012, the district court had to rule upon the motion within twelve months from sentencing or the district court lost jurisdiction to modify the sentence." *Id.* at 6. This argument fails to recognize that the Oklahoma legislature amended § 982a, effective November 1, 2012, to allow a sentencing court to modify a sentence within twenty-four months after sentencing. Okla. Stat. tit. 22, § 982a (2012). As noted above, Petitioner did not enter his guilty plea until January 2013, after the statute's amendment. So, the sentencing court had until January 2015 to modify his sentence.

7

March 4, 2014. Petitioner's May 12, 2014 application for post-conviction relief provides him no further statutory tolling, as he filed the application over two months after the expiration of his statute of limitations. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [his limitations period had already expired].").

### C. Equitable tolling.

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 644 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 648; *Gibson*, 232 F.3d at 808 (holding that equitable tolling is available only in "'rare and exceptional circumstances'") (citation omitted). Petitioner must also show "diligent pursuit of his claim[s]." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (holding that equitable tolling does not apply unless a petitioner shows both "extraordinary circumstances preventing timeliness and diligent pursuit of his claim").

Examples of when equitable tolling may be appropriate include: (1) actual innocence; (2) "an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing"; or (3) when a

8

prisoner has actively pursued judicial remedies but filed a defective pleading during the statutory time period. *Gibson*, 232 F.3d at 808. Petitioner carries the burden to prove entitlement to equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

Petitioner neither addresses equitable tolling in his petition nor in his response to Respondent's motion to dismiss. Docs. 1, 11. In an abundance of caution, the undersigned liberally construes Petitioner's allegations as suggesting equitable tolling on two grounds: (1) ineffective assistance of counsel, and (2) actual innocence. After consideration, the undersigned finds that tolling is unwarranted on these grounds.

### 1. Ineffective assistance of counsel.

Petitioner complains that his attorney gave ineffective assistance during the plea and abandoned him during his ten-day appeal window. But, he does not explain how the attorney's alleged errors prevented him from timely filing his habeas petition. Indeed, it should have been immediately apparent to Petitioner that his attorney did not move to withdraw the guilty plea. And, even if Petitioner did not "discover trial counsel's deficiency" until his transfer to the Oklahoma Department of Corrections, Doc. 1, at 4, he does not explain why he waited over one year (from January 20, 2013, to May 12, 2014) to file an application for post-conviction relief in state court. Under these circumstances, the undersigned finds no basis for equitably tolling

9

Petitioner's statute of limitations based on ineffective assistance of counsel. *See White v. Mullin*, 424 F. App'x 774, 776-77 (10th Cir. 2011) (affirming the district court's ruling that petitioner was not entitled to equitable tolling based on counsel's alleged abandonment after a guilty plea because petitioner had "failed to point to any egregious conduct by his attorney that delayed his ability to file a timely § 2254 application"); *see also Hicks v. Kaiser*, No. 99-6302, 2000 WL 27694, at *2 (10th Cir. Jan. 14, 2000) (unpublished op.) (rejecting petitioner's argument that "the limitations period should be subject to equitable tolling because his counsel abandoned him during the ten-day period for filing an application to withdraw his guilty plea" in part because petitioner waited two years to first challenge his conviction and had "demonstrate[d] a lack of diligence").

## 2. Actual innocence.

Petitioner also claims that he is "factually not guilty . . . ." Doc. 1, at 5. However, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [the prisoner] guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006) (internal quotations omitted). So, "[t]o raise a 'colorable claim of actual innocence,' a petitioner must 'support his allegations . . . with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness

10

accounts, or critical physical evidence . . . .'" *Sandoval v. Jones*, 447 F. App'x 1, 5 (10th Cir. 2011) (citing *Schlup v. Delo*, 513 U.S. 298, 322, 324 (1995)).

Petitioner pleaded guilty to his crimes, and the trial court found that the plea was voluntary. Doc. 8, Ex. 1, at 2-8. Now, Petitioner claims that he is "factually not guilty," but he offers no explanation or evidence to support his allegation. The undersigned finds Petitioner's vague and self-serving statement, standing alone, insufficient to warrant equitable tolling based on actual innocence. *See O'Bryant v. Oklahoma*, 568 F. App'x 632, 637 (10th Cir. 2014) (holding that in deciding whether a petitioner has sufficiently alleged actual innocence for purposes of equitable tolling, the court "may take into account the fact that the petitioner's conviction was based on a guilty plea predicated on the petitioner's representations of competence and voluntariness, and findings by the court"); *Clemens*, 230 F. App'x at 835 ("Clemens' claim of actual innocence is vague, conclusory, and fails to identify evidence affirmatively demonstrating his innocence. Accordingly, he has not shown the possibility of a fundamental miscarriage of justice excusing the timeliness bar.").

**D.  Summary.**

With statutory tolling, Petitioner's statute of limitations expired on March 4, 2014, and he is not entitled to equitable tolling. Because Petitioner

did not file the instant petition until November 4, 2014, the undersigned recommends that the court dismiss Petitioner's habeas petition as untimely.

**IV. Recommendation and notice of right to object.**

For the foregoing reasons, the undersigned finds that Petitioner's petition is untimely and recommends that the court dismiss the petition.

The undersigned advises the parties of their right to object to this report and recommendation by the 7th day of April, 2015 in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 18th day of March, 2015.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE