# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY DOBY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| -vs- ) | Case No. CIV-14-1243-F |
| ) | |
| CARL BEAR, Acting Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Gary Doby, a state petitioner appearing *pro se* whose pleadings are liberally construed, seeks a writ of habeas corpus under 28 U.S.C. §2254. On March 18, 2015, Magistrate Judge Suzanne Mitchell entered a Report and Recommendation (the Report), recommending dismissal of the habeas petition as untimely. Doc. no. 12.

Both parties objected to the Report. Doc. no. 15 (respondent's limited objections to the Report); doc. no. 16 (petitioner's objections to the Report). All objected to matters have been reviewed *de novo* as required by 28 U.S.C. §636(b)(1). Having conducted that review, the court concludes that it is not necessary to address respondent's objections on their merits because those objections, even if resolved in respondent's favor, would not affect the outcome of this case. Accordingly, the court turns to petitioner's objections.

Petitioner objects to the Report's conclusion that the habeas petition is untimely, and he asks the court to apply equitable tolling.

Petitioner's objections address equitable tolling and his efforts to diligently pursue relief. For example, petitioner states: "[P]etitioner asks that this Court apply a sufficient equitable tolling period to find the petition is timely as he has, in fact, diligently pursued his claims upon discovering the clearly meritorious grounds for relief raised in his habeas filing...." *Id*. Petitioner focuses on the Report's rejection of equitable tolling based on ineffective assistance of counsel. Petitioner states that he "only learned of counsel's deficiency through discussion of the facts of his case with another inmate and [that petitioner] immediately began pursuing the avenues of relief." Doc. no. 16, p. 3. The objection then states: "That is Mr. Doby's exact point in his efforts to secure an appeal out of time. *He had not been advised correctly in the first place and had absolutely no idea that he had a valid claim that would merit relief. Once he did learn of it, he diligently pursued it.* Therefore, he should not be liable for failing to diligently pursue a remedy for a claim that he didn't even know existed." *Id*., emphasis in original.

For the reasons explained below, the court rejects petitioner's objections and agrees with the Report's conclusion that equitable tolling is not warranted.

First, as the Report notes, petitioner did not specifically address the doctrine of equitable tolling in his petition or in his papers before the magistrate judge. Report, doc. no. 12, p. 9. Nevertheless, the Report went on, in an abundance of caution, to consider petitioner's allegations as broadly as possible including any arguments possibly suggesting equitable tolling.

Second, the Report notes that in the papers before the magistrate judge, petitioner did not explain how his attorney's alleged errors prevented him from timely filing his habeas petition. The Report notes petitioner's statement that he had no way of discovering counsel's deficient performance which led to an unknowing and unintelligently entered plea of guilt, until after he was received into the Oklahoma

Department of Corrections and assigned to a facility where he was able to "discover trial counsel's deficiency." Report, doc. no. 12, p. 9, quoting petition, doc. no. 1, p. 4. The Report observes that despite petitioner's contentions, petitioner did not explain why he waited over one year (from January 20, 2013 to May 12, 2014) to file an application for post-conviction relief in state court. Report, doc. no. 12, p. 9.

Third, petitioner's objections state that he "only learned of counsel's deficiency through discussion of the facts of his case with another inmate and [that petitioner] immediately began pursuing the avenues of relief." Doc. no. 16, p. 3. Even if this particular statement (made by petitioner for the first time in his objections) is considered,[1] it provides no specifics regarding *when* petitioner purportedly learned of his counsel's deficiency. Petitioner's statement in his objection that after an unspecified time he "immediately began pursuing" relief is also conclusory.

Fourth, as stated in the Report, petitioner has the burden to prove he is entitled to equitable tolling, a burden he has not carried.

The court agrees with the magistrate judge's analysis of the equitable tolling issue. Petitioner's objections to the Report will be denied, and the court will affirm the magistrate judge's recommendation that the court find Mr. Doby's habeas petition untimely.

<u>Rulings</u>

Petitioner's objections to the Report are **DENIED**. The portions of the Report and Recommendation which are the subject of respondent's objections are not adopted or rejected because those matters are immaterial to the outcome of the case; the

---

[1] *See*, United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived"); Drew v. Dept. of Corrections, 297 F.3d 1278, 1289 n.4 (11th Cir. 2002) (district court has discretion to refuse to accept supplemental evidence not presented to the magistrate judge), cited in Gonzales v. Qwest Communications Corp., 160 Fed. Appx. 688, 690 (10th Cir. 2005), unpublished.

balance of the Report and Recommendation is **ADOPTED**, **ACCEPTED**, and **AFFIRMED**. Respondent's motion to dismiss the habeas petition (doc. nos. 7, 8) is **GRANTED**. Mr. Doby's habeas petition is **DISMISSED** as untimely.

Dated this 3rd day of June, 2015.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-1243p002.wpd